UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISON

**HEDWIG BORGES**

       **Plaintiff,**　　　　　　　　　　　**CASE NO.**

vs.

**FINANCIAL ASSET MANAGEMENT SYSTEMS, INC.**

       **Defendant.**
_____/

## COMPLAINT

Plaintiff, HEDWIG BORGES ("Plaintiff"), alleges the following Complaint against Defendant, FINANCIAL ASSET MANAGEMENT SYSTEMS, INC. ("Defendant").

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

## PARTIES

3. Plaintiff is an individual residing in Lawrenceville, Georgia.

4. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant is a Georgia corporation with its principle place of business located in Tucker, Georgia.

6. At all relevant time, Defendant has been and is engaged in the business of collecting and attempting to collect consumer debts in the State of Georgia and within the Northern District of Georgia.

7. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) as its principal purpose is the collection of debt or it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and uses the mails to accomplish this purpose and collect debts.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in the Northern District of Georgia.

## GENERAL ALLEGATIONS

10. On August 22, 2014, the Defendant sent or caused to be sent to Plaintiff, via U.S. Mail, a letter attempting to collect a debt or financial obligation allegedly incurred by Plaintiff for primarily personal, family, or household purposes (hereinafter the "Debt Collection Letter") and Plaintiff received it shortly thereafter. A copy of the letter is attached hereto as **Exhibit A.**

11. The Debt Collection Letter is a "communication" pursuant to the FDCPA, 15 U.S.C. § 1692a(2).

12. The first paragraph of the debt collection letter identifies the creditor as EMERY HEALTHCARE PROVIDER. The debt collection letter provides an account number of 18414730. The debt collection letter lists NEW CHARGES in the amount of $308.81. Directly

below the section titled NEW CHARGES, the debt collection letter has another section titled BALANCE OWED with a total of $374.02.

13. The debt collection letter then goes on to state that "a negative credit report reflecting on your credit record may be submitted to the credit reporting agencies if you fial to fulfill the terms of your obligations."

14. The debt collection letter is patently confusing and misleading on its face, especially to an unsophisticated consumer. The Defendant failed to provide any creditor or information related to the 'NEW CHARGES' designated for collection. Consequently, Plaintiff was unable to identify from where the alleged debt originated and whether the amount allegedly owed was accurate.

15. Additionally, the debt collection letter does not itemize the difference between the BALANCE OWED and the NEW CHARGES. Consequently, the Plaintiff is also unable to identify from where the remaining portion of the alleged debt originate or whether that amount owed was accurate. Indeed, the way the letter is written, it is impossible to know whether the Plaintiff owes $308.81, $374.02, or some total amount combining those two numbers.

16. As a result of Defendant's inclusion of the statement 'NEW CHARGES' if Plaintiff or any unsophisticated consumer actually paid the amount requested in the debt collection letter, he or she would be left in a position of not knowing what, if any, debt remained outstanding.

17. Additionally, an unsophisticated consumer could reasonably conclude that the debt collection letter sets forth two different amounts with respect to the amount of debt owed, and therefore, could be confused as to which amount she is being instructed to remit to the

Defendant. The FDCPA does not require an unsophisticated consumer to rely on past notices, bills, or letters to understand the character of the debt being collected.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff incorporates by reference paragraphs 1 through 17 of this Complaint as though fully stated herein.

19. The foregoing acts and omissions of Defendant violate 15 U.S.C. §§ 1692e(2)(A), 1692e(10), 1692e, 1692g(a)(1) and 1692g(a)(2).

20. As a result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor for:

    i. The maximum amount of statutory damages pursuant to 15 U.S.C. § 1692k;

    ii. Attorneys' fees, litigation expenses and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    iii. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**Dated: November 24, 2014**

/s/ Kenneth LaVan
Kenneth L. LaVan, Esq.
GA. Bar No. 322045
aneidenberg@disabilitylawclaims.com
7067 D West Broward Boulevard
Plantation, FL 33317
954-617-2202
*Attorney for Plaintiff*